LEMMON, Justice,
dissenting.
The stop in this case is clearly distinguishable from that in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The Prouse case involved a purely random stop of a vehicle chosen by the officer for a license and registration check on a purely arbitrary basis. Since the offi *747 cer had no reasonable suspicion that the vehicle was not properly registered or the driver not properly licensed, there was no legitimate basis to decide to stop that particular vehicle. Significantly, the court disapproved only of random stops of vehicles selected for stopping by use of unconstrained discretion without a rational basis.
In the present case the officer did not arbitrarily select defendant’s vehicle to stop for a registration check. Since a Mississippi inspection sticker is permitted on cars licensed in Louisiana only under limited circumstances, the officer had a reasonable suspicion that the car had an illegal inspection sticker. Therefore, this was not a situation, as in the Prouse case, where it was highly unlikely that the random stop would reveal a violation of safety laws; rather, there was at least a reasonable probability in this ease that the car did not have a proper inspection sticker. And since defendant was driving with an inspection sticker valid only because of an exception to Louisiana’s vehicle inspection law, the invasion of his privacy by a stop to check the sticker was far more minimal and far less frightening or annoying than the stop in the Prouse case of a driver and vehicle which gave no visible reason to excite the officer’s inquiry into a registration and license check.
The stop in this case was justified by reasonable suspicion. Once the vehicle was stopped, the officer could reasonably inquire further about registration and license without an undue intrusion, and inquiry about registration yielded the evidence of the crime in this case. Since only unreasonable seizures are constitutionally impermissible and since the stop or seizure in this case was not unreasonable, I would affirm the denial of the motion to suppress.